UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MIKAEL A. ALABBASSI,<br><br>　　　　　Defendant. | Case No.  6:25-po-00002-HBK<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Doc. No. 5) |

　　　　On January 8, 2025, the Federal Public Defender submitted a motion seeking appointment of counsel from the CJA panel on behalf of Defendant Mikael A. Alabbassi ("Defendant" or "Alabbassi") due to "a conflict."  (Doc. No. 5, "Motion").  Although referenced therein, the Motion does not attach a financial affidavit (Form CJA 23) completed by Alabbassi.  The Court denies the Motion without prejudice.

　　　　Alabbassi was issued two Class B misdemeanor citations:  Violation No. E2069099, alleging a violation of 36 C.F.R. § 4.2(b), violating a provision of state law, specifically California Vehicle Code 4000(a)(1), no evidence of current registration; and Violation No. E2069097, alleging a violation of 36 C.F.R. § 4.2(b), violating a provision of state law, specifically, California Vehicle Code 12500(a), unlawful to drive unless licensed.  Generally, both alleged violations are subject to a monetary fine ($200 and $350, respectively) plus a

processing fee ($30 per citation).  Here, both Violation Notices were written as requiring a mandatory appearance.  (*See* Doc. Nos. 1, 2).

If financially eligible, a defendant is automatically entitled to the appointment of counsel under certain circumstances, including when charged with a felony or a Class A misdemeanor. 18 U.S.C. § 3006A(a)(1); *Johnson v. Zerbst,* 304 U.S. 458 (1938); *Gideon v. Wainwright,* 372 U.S. 335 (1963). *See also* General Order 663, V.A.1. (E.D. Cal. March 23, 2023).  Otherwise, the court has discretion to appoint counsel for a defendant charged with a Class B misdemeanor or a petty offense for which a sentence of confinement is authorized.  18 U.S.C. § 3006A(a)(2)(A).  In exercising its discretion, the court must find both that: (1) a defendant is financially eligible; and (2) the interests of justice require appointment of counsel.  *Id.*, *see also* General Order 663.V.A.2.a.

In determining whether a defendant is financially unable to obtain adequate representation, the court considers "the person's and their dependents' costs for life's necessities, any cost to securing the person's pretrial release, any assent encumbrance, and the likely cost to retain counsel in their case." General Order 663.V.B.2.d.  At the outset, no financial affidavit is attached from which the Court can determine whether Defendant is financially eligible for appointment of counsel.

Furthermore, at this stage of the proceedings, the Court cannot find that the interests of justice warrant appointment of counsel, even if Defendant is deemed financially eligible.  The maximum *possible* penalties that Defendant faces, if convicted, include not more than six-month's imprisonment, $5000 fine, five-year term of probation, and $10 special assessment.  18 U.S.C. §§ 1865(a), 3571(b)(6), 3561(c)(2).  Counsel must be appointed if a financially eligible defendant <u>will</u> <u>be</u> sentenced to a term of imprisonment; however, "[a] misdemeanor prosecution does not trigger the Sixth Amendment's right to counsel simply because the crime charged carries with it the possibility of imprisonment." *United States v. Tobey*, 2020 WL 1451590, *3 (E.D. Cal. Mar. 24, 2020); (citing *Scott v. Illinois*, 440 U.S. 367, 73-74 (1979) (holding that appointment of counsel is not required for an indigent defendant when imprisonment upon conviction is authorized but not imposed)).  Further, the Sixth Amendment right to counsel does

2

not extend to the possibility of a probation sentence. *Id.* (holding that the Sixth Amendment right to counsel was not implicated because the defendant did not violate the terms of his probation and the government was not seeking to incarcerate him). While the Sixth Amendment prohibits courts from sentencing uncounseled defendants to a term of imprisonment by "activating an uncounseled defendant's previously suspended prison sentence" it does not prohibit courts from sentencing uncounseled defendants to a term of probation. *Id*. (citing *Scott*, 440 U.S. at 373-74; *Alabama v. Shelton*, 535 US 654, 667 (2002)).

At this time, there has been no determination whether the government is seeking a term of imprisonment nor that the Court would be inclined to impose one even if the Defendant is convicted of either Class B misdemeanor offense. Nor does the Court find any other circumstances apparent from the record that would satisfy the interests of justice standard.

Accordingly, it is **ORDERED**:

The motion for appointment of counsel (Doc. No. 5) is DENIED without prejudice.

Dated:    January 8, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3